UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL RAHUL (A-241-713-922),<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No.  1:26-cv-0393 DC CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Rahul Rahul (A-241-713-922), a noncitizen, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment, and the Immigration and Nationality Act ("INA") (claims one through three).  For the following reasons, this Court recommends that the petition be granted.

## I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas

1

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    FACTUAL BACKGROUND[1]

Petitioner is a citizen and national of India who entered the United States on or around October 4, 2022. (ECF No. 1 at 1.) After his entry, petitioner was briefly detained by the Department of Homeland Security, and released on parole subject to being placed on Alternative to Detention monitoring requiring petitioner to check in with ICE. (Id., ECF No. 1-2 at 2.) On December 5, 2025, DHS served petitioner with a Notice to Appear charging him as an alien present in the U.S. who has not been admitted or paroled, and alleged removability under INA section 212(a)(6)(A)(i).[2] (ECF No. 1 at 4.) Petitioner was re-detained on December 18, 2025, at his ICE check-in without notice or explanation. (ECF No. 1 at 5.) While petitioner was on parole, he integrated into the community, obtained lawful employment authorization, worked consistently, gave back to his community, and has no criminal history. (Id. at 4.) Petitioner complied with all parole and ATD conditions, and ICE supervision. (Id. at 5.)

## III.   DISCUSSION

On January 19, 2026, through counsel, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 20, 2026, the district court ordered respondents to substantively address whether any provision of law or fact in this case would distinguish it from the district court's prior decisions. (ECF No. 4 (citing Selis Tinoco v. Noem,

---

[1]  The factual background comes from the verified habeas petition and a parole document submitted by petitioner. (See ECF Nos. 1, 1-2 (parole documents).) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents did not dispute any of these facts.

[2]  Petitioner claims to append a copy of the Notice to Appear as Exhibit A. (ECF No. 1 at 4.) However, petitioner's Exhibit A is an Interim Notice Authorizing Parole. (ECF No. 1-2 at 2.)

2

2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); D.L.C. v. Wofford, No. 1:25-cv-1996 DC JDP (E.D. Cal. Jan. 5, 2026) (ECF No. 12)).) On January 22, 2026, respondents filed an opposition to the motion for a temporary restraining order, and an opposition to a preliminary injunction. (ECF No. 7.) In the opposition, respondents argued that petitioner's detention is lawful under the Constitution and applicable provisions of the INA, and acknowledged that they had no legal arguments to distinguish this case from previous orders issued by the district court, and had no material factual differences between this case and those identified by the district court. (Id. at 1.) On January 23, 2026, the district court noted respondents' acknowledgment that this case is not substantively distinguishable from D.L.C., No. 1:25-cv-1996 DC JDP, granted petitioner's motion for a temporary restraining order, and issued a preliminary injunction on the same terms. (ECF No. 8 (citing Selis Tinoco, 2025 WL 3567862, D.L.C., No. 1:25-cv-1996 DC JDP).) In addition to granting petitioner's immediate release on the same conditions he was subject to immediately prior to his re-detention, the district court ordered that respondents shall not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and if the government seeks to re-detain petitioner, the government must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered. (ECF No. 8.) Respondents were ordered to show cause why a preliminary injunction on the same terms should not be issued. (Id.)

On January 29, 2026, respondents filed their response to the order to show cause, seeking a 180-day extension of the briefing period, and stating they had no objection to the district court converting the request for a temporary restraining into a motion for preliminary injunction, and submitted the same arguments in opposition to such motion. (ECF No. 9.) On January 29, 2026, the district court issued a preliminary injunction on the same terms as the temporary restraining order. (ECF No. 10.) The district court referred this action to the assigned magistrate judge for further proceedings, including respondents' request regarding their deadline to respond to the habeas petition. (Id.)

On February 23, 2026, this Court denied respondents' request for a 180-day extension of

3

the briefing period, and granted the parties thirty days in which to inform the Court whether additional briefing on the merits of the petition for writ of habeas corpus was needed. (ECF No. 11.) No additional filing has been made by either party. Briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner's re-detention was pursuant to INA's discretionary detention statute, 8 U.S.C. § 1226, not the mandatory detention statute, 8 U.S.C. § 1225, and respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims two and three). See Selis Tinoco, 2025 WL 3567862; D.L.C., No. 1:25-cv-1996 DC JDP. Because the resolution of the claims two and three provide the relief requested, the Court need not reach petitioner's first claim.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Rahul Rahul (A-241-713-922) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 26, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rahu0393.157.2241.imm